**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BINYUN WU,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1871-KC** |
| | § | |
| **DEPARTMENT OF HOMELAND SECURITY,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Binyun Wu's Motion to Proceed In Form Pauperis ("Motion"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1.

This Court granted in part Wu's pervious petition for a writ of habeas corpus on procedural due process grounds on April 23, 2026. *See* Order, *Wu v. Department of Homeland Security*, 3:26-cv-1062-KC (W.D. Tex. Apr. 23, 2026), ECF No. 7. And ordered Respondents to either (1) provide her with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, her continued detention; or (2) release her from custody, under reasonable conditions of supervision. *Id.* at 3.

In compliance with the Court's April 23 Order, Wu was provided with a bond hearing on April 28, at which the IJ determined that Wu was a flight risk and denied her bond on this basis. Advisory, *Wu*, 3:26-cv-1062-KC (W.D. Tex. Apr. 30, 2026), ECF No. 9. Finding no matters remained to be resolved, the Court closed the case. Final J., *Wu*, 3:26-cv-1062-KC (W.D. Tex. May 4, 2026), ECF No. 11.

Wu has now filed the instant Petition, challenging her detention as unlawful and seeking a bond hearing. Pet. ¶¶ 13, 15.

But Wu already received a bond hearing on April 28, 2026, at which she was denied bond due to flight risk. *See* Advisory, *Wu*, 3:26-cv-1062-KC. And Wu's new Petition does not contain any allegations that would indicate that the IJ failed to make factual findings or conduct an individualized determination. *See generally* Pet. When a person has already received an individualized custody determination by an IJ, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that they are a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). To the extent Wu disagrees with the IJ's determination, she could have filed an appeal with the Board of Immigration Appeals or requested a custody redetermination, and she still may request a custody redetermination. Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction.

There is also no indication that Wu is subject to a final order of removal, which would trigger a new claim and a different reasonableness standard for prolonged detention. *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, her Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1-1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

**IT IS FURTHER ORDERED** that the Motion, ECF No. 1, is **DENIED** as moot.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 15th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE